**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STANLEY DANIELS,

                    Petitioner,

                                        CIVIL NO. 2:12-CV-11512
v.                                      HONORABLE SEAN F. COX
                                        UNITED STATES DISTRICT COURT

STEVEN RIVARD,

                    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Stanley Daniels, ("Petitioner"), incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to commit murder, Mich. Comp. Laws, § 750.83; possession of a firearm in the commission of a felony, Mich. Comp. Laws, § Mich. Comp. Laws, § 750.227b; and being a third felony habitual offender, Mich. Comp. Laws, § 769.11.   For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

### I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.

John Butler testified that petitioner walked up to him, pulled out a .22 caliber pistol, and shot at him.  Butler attempted to flee, but Petitioner followed him and continued to

1

discharge his gun.  Butler was shot four times, the last shot hitting his spine, leaving him paralyzed and bleeding face-down in the street.

Petitioner testified that he shot Butler in self-defense and referenced an earlier verbal dispute that evening between Butler and himself.  Petitioner claimed that Butler attacked him with first a pipe, then a pick axe, but no weapons were found at the scene by the police, who responded within moments of the shooting.

Petitioner's conviction was affirmed on appeal. *People v. Daniels,* No. 263346 (Mich.Ct.App. November 16, 2006); *reconsideration den.* No. 263346 (Mich.Ct.App. January 4, 2007); *lv. den.* 478 Mich. 925 (2007).

Petitioner then filed a motion for relief from judgment which was denied. *People v. Daniels,* No. 04-12249 (Wayne County Cir. Ct. April 22, 2009); *reconsideration den.* No. 04-12249 (Wayne County Cir. Ct. May 20, 2009).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Daniels,* No. 299186 (Mich.Ct.App. May 18, 2011); *lv. den.* 490 Mich. 969 (2011); *reconsideration den.* 491 Mich. 888 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner was denied his constitutional right to present a defense when the trial court suppressed evidence of the victim's reputation for violence.

II. The prosecutor committed prejudicial misconduct by repeatedly harping on petitioner's use of an alias and by denigrating the defenses.

III. Petitioner was denied the effective assistance of counsel when his counsel failed to urge an instruction on included offenses.

IV. There was insufficient evidence to support a conviction of assault with intent to murder.

Respondent has filed an answer to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that the claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. Discussion

Respondent contends that Petitioner's claims are procedurally defaulted because Petitioner failed to exhaust these claims by including these claims in the application for leave to appeal that he filed with the Michigan Supreme Court following the affirmance of his conviction by the Michigan Court of Appeals on his appeal of right.

A habeas petitioner procedurally defaults a claim if he fails to raise it in an application for discretionary review with the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas review. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Petitioner raised his four claims in his appeal of right to the Michigan Court of Appeals. However, a review of the application for leave to appeal that Petitioner filed with the Michigan Supreme Court following the affirmance of his conviction by the Michigan Court of Appeals shows that Petitioner never raised any of these claims in his application for leave to appeal to the Michigan Supreme Court. [1] By failing to seek discretionary review of his four claims in the Michigan Supreme Court, Petitioner has procedurally defaulted these

---

[1] *See* This Court's Dkt. Entries # 12-7, 12-8.

claims. *Harris,* 157 F. Supp. 2d at 750.

In his reply brief, Petitioner first contends that he fairly presented his claims to the Michigan Supreme Court. The Court disagrees.

Petitioner clearly presented his four claims before the Michigan Court of Appeals. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the following claims:

> I. Defendant was denied due process of law under the 6th and 14th Amendments of the U.S. Constitution and Art. 1, § 17, 20, of the Michigan Const. 1963, where appellate counsel failed to adequately investigate and prepare an appeal of right.

> II. Defendant was denied due process of law under the 6th and 14th Amendments of the U.S. Constitution and Michigan Const. 1963, Art. 1, § 17, 20, of the Michigan Const. 1963, where trial counsel failed to effectively provide minimal professional representation to his client.

Petitioner did not fairly present any of his four claims to the Michigan Supreme Court in his application for leave to appeal. A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998).

Petitioner's claim that trial counsel was ineffective for failing to seek a jury instruction on lesser included offenses was not presented to the Michigan Supreme Court. Although Petitioner raised several ineffective assistance of trial counsel claims in his application for leave to appeal with the Michigan Supreme Court, he did not include the claim involving trial

4

counsel's alleged ineffectiveness for failing to request an instruction on lesser included offenses.  A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990).  Because Petitioner's claim that counsel was ineffective for failing to request an instruction on lesser included offenses is different than the ineffective assistance of trial counsel claims raised in Petitioner's application for leave to appeal with the Michigan Supreme Court, this ineffective assistance of trial counsel claim was not fairly presented to the Michigan Supreme Court, for exhaustion purposes. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *see also Brandon v. Stone,* 226 Fed. Appx. 458, 459 (6th Cir. 2007)(state prisoner had not exhausted his state court remedies as to claim that trial counsel was ineffective for failing to advise him regarding the merits of the various plea offers set before him, where this particular instance of ineffectiveness had not been mentioned in his state court proceedings).  In addition, although Petitioner in his first claim before the Michigan Supreme Court alleged that appellate counsel was ineffective for failing to properly argue and present his underlying claims before the Michigan Court of Appeals, this would be insufficient to exhaust these underlying claims before the Michigan Supreme Court.  Bringing an ineffective assistance of appellate counsel claim in state court based upon appellate counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because the two claims are "analytically distinct for purposes of the exhaustion and procedural default

analysis in habeas review." *See Davie v. Mitchell,* 547 F. 3d 297, 312-13 (6th Cir. 2008).

Because Petitioner did not present his four claims as independent claims for relief before the

Michigan Supreme Court, he failed to fairly exhaust these claims before that court.

Petitioner further argues that any default should be excused because his appellate

counsel abandoned him and did not assist him with the application for leave to appeal with

the Michigan Supreme Court, forcing Petitioner to file his own *pro se* application for leave

to appeal with the Michigan Supreme Court.

The fact that Petitioner had to represent himself on his discretionary appeal with the

Michigan Supreme Court would not excuse the default.  A criminal defendant does not have

a constitutional right to counsel to pursue discretionary state appeals. *Wainwright v. Torna*,

455 U.S. 586, 587-88 (1982).  In a criminal proceeding in which a habeas petitioner does not

have a constitutional right to counsel, "a petitioner cannot claim constitutionally ineffective

assistance of counsel in such proceedings." *See Coleman v. Thompson*, 501 U.S. 722, 752-53

(1991).  Because Petitioner had no constitutional right to the effective assistance of counsel

in filing an application for leave to appeal with the Michigan Supreme Court, the fact that

Petitioner did not have appellate counsel to help him file an application for leave to appeal

would not establish the "cause" required to overcome the procedural default of Petitioner's

claims which he raised on his direct appeal with the Michigan Court of Appeals, but failed

to raise in the Michigan Supreme Court. *See Harris v. Stegall,* 157 F. Supp. 2d at 750.  In

addition, a habeas petitioner's *pro se* status and ignorance of rights at the state court level

does not constitute cause which would excuse the procedural default. *Hannah v. Conley,* 49

6

F. 3d 1193, 1197 (6ᵗʰ Cir. 1995); *Robertson v. Abramajtys,* 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001).

Petitioner also appears to argue that his claims are not procedurally defaulted, because there was never any decision made by the Michigan Supreme Court to reject his appeal on the ground that he did not raise before that court the four claims that he had raised on his appeal before the Michigan Court of Appeals. Petitioner is correct that typically there can be no procedural default unless "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). This rule, however, "does not apply to an implied procedural bar where the petitioner has not yet fairly presented the claim to the highest state court but would be barred from presenting it upon return to state court." *Costa v. Cook,* No. 2006 WL 1737837, 11 (D. Hawaii June 20, 2006). The Sixth Circuit has noted that:

> "[A habeas petitioner's] forfeiture by failure to exhaust entails a legal fiction, of sorts. The state court has not rejected an appeal based on a state rule violation; there is no declaration by the state court of an independent and adequate state ground to which the federal court must defer. Instead, the federal court makes a presumption that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it. But, by declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing. The federal court then views the claim through the lens of procedural default to determine whether there is cause and prejudice to excuse the default. In short, the crux of forfeiture by failure to exhaust is that the federal court's default decision rests upon a presumption about what the state court would do, rather than respect for what a state court actually did."

*Abdur'Rahman v. Bell*, 392 F.3d 174, 186-187 (6ᵗʰ Cir. 2004), *vacated on other grounds*, 545 U.S. 1151 (2005).

7

Since Petitioner's four claims are procedurally defaulted because of his failure to raise them in his application for leave to appeal to the Michigan Supreme Court, there is no need for a state court to have rendered a judgment for this procedural bar to apply.

Compounding Petitioner's problem is that petitioner has no available state court remedies remaining with which to attempt to properly exhaust these four claims. Petitioner has already filed a post-conviction motion for relief from judgment. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 Fed. Appx. 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner has no remaining state court remedies with which to exhaust his four claims. If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah v. Conley*, 49 F. 3d at 1195-96. A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, n. 3.

If a habeas petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional

8

claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-480 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

As mentioned above, Petitioner has not demonstrated any cause for his procedural default; it is thus unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533; *Harris,* 157 F. Supp. 2d at 750.

In addition, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claims as a ground for a writ of habeas corpus in spite of the procedural default.  Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).  Likewise, Petitioner's claim that he acted in self-defense amounts to a claim of legal innocence, as opposed to factual innocence, and would thus not excuse his default. *See e.g. Harvey v. Jones,* 179 Fed. Appx. 294, 298-99 (6th Cir. 2006)(collecting cases).  Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review Petitioner's claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

9

Finally, assuming that Petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6ᵗʰ Cir. 2007).  For the reasons stated by the Michigan Court of Appeals in rejecting Petitioner's claims and by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, petitioner has failed to show that his procedurally defaulted claims have any merit.  In particular, the reasons justifying the denial of Petitioner's claims were "ably articulated by the" Michigan Court of Appeals in their opinion affirming petitioner's conviction, therefore, "the issuance of a full written opinion" by this Court regarding these claims "would be duplicative and serve no useful, jurisprudential purpose." *See e.g. Bason v. Yukins,* 328 Fed. Appx. 323, 324 (6ᵗʰ Cir. 2009).  Petitioner is not entitled to habeas relief on his procedurally defaulted claims.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court denies a habeas

10

petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner's claims are procedurally defaulted. *See Harris v. Stegall,* 157 F. Supp. 2d at 751. The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V.  CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 7, 2014

I hereby certify that on February 7, 2014, a copy of the foregoing document was served upon counsel of record by electronic means and upon Stanley Daniels via First Class Mail at the address below:

Stanley Daniels
169695
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660

S/Jennifer McCoy
Case Manager