UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY DANIELS,

        Petitioner,

v.                           CIVIL NO. 2:12-CV-11512
                            HONORABLE SEAN F. COX
                            UNITED STATES DISTRICT COURT

STEVEN RIVARD,

        Respondent.
_____/

**OPINION AND ORDER FINDING PETITIONER'S NOTICE OF APPEAL TO BE TIMELY FILED AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY AND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS ON APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On February 7, 2014, this Court denied the petitioner's application for a writ of habeas corpus and further denied him a certificate of appealability or leave to appeal *in forma pauperis*. *Daniels v. Rivard,* No. 2:12-CV-11512, 2014 WL 502080 (E.D. Mich. February 7, 2014).

Petitioner has filed a "Motion for Equitable Tolling" [Dkt. # 19], in which he asks this Court to find his Notice of Appeal to be timely filed. Petitioner has also filed a Motion for Certificate of Appealability and an Application to Proceed Without Prepayment of Fees and Costs on Appeal.

For the reasons stated below, the Court will find that petitioner's notice of appeal was timely filed. The Court will further order that petitioner's motion for a certificate of

1

appealability and the motion to proceed *in forma pauperis* on appeal be transferred to the United States Court of Appeals for the Sixth Circuit.

### I. Petitioner's notice of appeal is timely.

Fed.R.App.P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998).

Under the "prison mailbox" rule, a *pro se* prisoner's notice of appeal is deemed timely filed on the date that a prisoner delivers the notice of appeal to the prison authorities for forwarding to the court clerk, rather than on the date that the notice is actually received by the court clerk. *Houston v. Lack,* 487 U.S. 266, 276 (1988). Fed. R.App. 4(c)(1) indicates that a notice of appeal that is filed by an inmate who is confined in an institution is considered timely "if it is deposited in the institution's internal mailing system on or before the last day for filing." A prisoner may show that he or she timely filed the notice of appeal by a "declaration in compliance with 28 U.S.C. § 1746 or notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Id.*

In the present case, petitioner has provided the court with an affidavit, which indicates that on March 5, 2014, petitioner prepared a legal envelope containing his notice of appeal,

as well as other legal documents, which was addressed to the clerk of the United States District Court for the Eastern District of Michigan. The Court notes that petitioner's notice of appeal was signed and dated March 3, 2014. Petitioner further indicates in his motion that he prepared a Michigan Department of Corrections Disbursement Authorization form, which he has attached. This form was signed and dated March 5, 2014. Petitioner further avers that on March 5, 2014, he deposited his legal mail and disbursement form in his prison's internal legal mail system by giving his legal mail and disbursement form to prison officials for mailing. Petitioner has attached to his affidavit a disbursement authorization for postage for legal mail in the amount of $5.32. This was signed and dated March 6, 2014.

Under the circumstances, the Court concludes that petitioner has shown that he deposited his notice of appeal with the internal prison mail system on March 5, 2014, which would have been within thirty days of this Court's order denying the petition for writ of habeas corpus. Accordingly, this Court finds petitioner's notice of appeal to be timely.

**II. The Court orders the motion for certificate of appealability and the application to proceed without prepayment of fees to be transferred to the Sixth Circuit.**

Petitioner has also filed a motion for a certificate of appealability and requests leave to appeal *in forma pauperis* on appeal. This Court already denied petitioner a certificate of appealability and leave to appeal *in forma pauperis* when denying the petition for writ of habeas corpus.

This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before

3

the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)). In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct his request for a certificate of appealability to the Sixth Circuit. The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will also order the Clerk of the Court to transfer petitioner's motion to proceed *in forma pauperis* on appeal to the Sixth Circuit. It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit.

## ORDER

**IT IS ORDERED** that petitioner's notice of appeal [Dkt. # 20] shall be deemed timely filed.

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer petitioner's "Motion for Certificate of Appealability" [Dkt. # 22] and the "Application to Proceed Without Prepayment of Fees and Costs on Appeal" [Dkt. # 23] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: October 9, 2014      S/ Sean F. Cox
                            Sean F. Cox
                            U. S. District Judge

I hereby certify that on October 9, 2014, the foregoing document was served on counsel of record via electronic means and upon Stanley Daniels via First Class mail at the address below:

Stanley Daniels 169695
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660

                            S/ J. McCoy
                            Case Manager